# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL, <br><br> Debtor and Debtor in Possession.[1] | Chapter 11 <br><br> Case No. 19-36300 |
| WALKER COUNTY HOSPITAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, <br><br> Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS AND DISALLOW CLAIMS**

Walker County Hospital Corporation, as debtor and debtor in possession (the "***Debtor***" or "***Plaintiff***") in the above-captioned bankruptcy case and plaintiff in the above captioned adversary proceeding, by and through its undersigned counsel, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an adversary proceeding seeking to avoid and recover preferential transfers made by the Plaintiff to University of Texas Medical Branch at Galveston (the "***Defendant***") within ninety (90) days prior to the date on which the Plaintiff filed its voluntary

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The Debtor's current service address is: Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital, c/o Healthcare Management Partners, LLC, 1033 Demonbreun Street, Suite 300, Nashville, TN 37203.

4883-8213-6321.1

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

## JURISDICTION AND VENUE

2. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547, 550, and 502(d) of the Bankruptcy Code.

3. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

4. This is a core proceeding, under 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1409(a), because this adversary proceeding is related to the above-captioned bankruptcy case pending in this Court.

6. The Plaintiff confirms its consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), to the entry of a final judgment or other final orders by the Court in connection with this adversary proceeding, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## PARTIES

7. Plaintiff is the debtor and debtor in possession in the above-captioned case.

8. Defendant is a nonprofit corporation having a principal place of business at 301 University Blvd., Galveston, TX 77555.

**FACTUAL BACKGROUND**

9. On November 11, 2019 (the "***Petition Date***"), the Plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

10. The Plaintiff continues in possession of the Plaintiff's property as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

11. Additional information regarding the Plaintiff and its bankruptcy case, including the Plaintiff's business, financial condition, corporate structure, and the reasons for commencing the above-captioned bankruptcy case are set forth in the *Declaration of Steven L. Smith in Support of First Day Motions* filed in the above-captioned bankruptcy case at docket number 15.

12. At all times relevant to this complaint, the Plaintiff engaged in the purchase of goods or services from Defendant.

13. Within the ninety (90) day period prior to the Petition Date (the "***Preference Period***"), the Plaintiff made one or more transfers of an interest in the Plaintiff's property (the "***Transfers***") to or for the benefit of the Defendant, in connection with the Plaintiff's purchase of goods or services from Defendant.

14. Set forth on **Exhibit A** to this complaint is a summary of the Transfers.

15. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). Plaintiff sent an advance demand letter to Defendants inviting an exchange of information regarding any potential defenses, but parties were unable to come to an agreement.

## COUNT ONE
**(AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b))**

16. The Plaintiff incorporates paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

17. Section 547(b) of the Bankruptcy Code authorizes a debtor or a party acting on behalf of the estate to avoid a transfer of any interest in the debtor's property, (a) to, or for the benefit of, a creditor, (b) for or on account of an antecedent debt owed by the debtor before the transfer was made, (c) made while the debtor was insolvent, (d) made within ninety (90) days before the Petition Date, and (e) that enables the creditor to receive more than it would receive had: (i) the case been filed under chapter 7 of the Bankruptcy Code; (ii) such transfers not been made; and (iii) the creditor received payment of the debt to the extent provided by the Bankruptcy Code.

18. Each Transfer was made during the Preference Period.

19. Each Transfer was a transfer of an interest in property of the Plaintiff.

20. Each Transfer was made on account of an antecedent debt owed by the Plaintiff to Defendant.

21. Each Transfer was made to or for the benefit of the Defendant.

22. At the time of each Transfer, the Plaintiff was insolvent or is otherwise presumed to have been insolvent.

23. Each Transfer enabled the Defendant to receive more than Defendant would have received had: (a) this case been filed under chapter 7, rather than under chapter 11, of the Bankruptcy Code; (b) each Transfer not been made; and (c) Defendant received payment of each antecedent debt to the extent provided by the Bankruptcy Code.

4883-8213-6321.1

24. Defendant has not repaid all or a part of the value of the Transfers.

25. Each Transfer is an avoidable preference, under Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550)

26. The Plaintiff incorporates paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

27. Pursuant to section 550 of the Bankruptcy Code, to the extent a transfer is avoided under section 547 of the Bankruptcy Code, the Plaintiff may recover the property or the value of the property transferred from, among others, the initial transferee of such transfer.

28. The Defendant is the initial transferee of each Transfer.

29. Each Transfer or the value of each Transfer is, therefore, recoverable from the Defendant, pursuant to section 550 of the Bankruptcy Code.

## COUNT THREE
### (DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d))

30. The Plaintiff incorporates paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

31. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Coe or is otherwise the transferee of a transfer avoidable under section 547 of the Bankruptcy Code.

32. Defendant has not paid the amount or turned over any property transferred for which Defendant is liable under sections 547 and 550 of the Bankruptcy Code.

4883-8213-6321.1

33. Any filed or scheduled claims held by Defendant are therefore subject to disallowance unless or until Defendant pays in full or returns the property for which Defendant is liable under sections 547 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant:

A. determining each Transfer is avoidable as a preferential transfer, pursuant to section 547(b) of the Bankruptcy Code;

B. determining Plaintiff is entitled to recover the value of each Transfer, pursuant to section 550(a) of the Bankruptcy Code;

C. directing Defendant to pay to Plaintiff the value of each Transfer in the amount determined at trial, but in no event less than the amount set forth on **Exhibit A** to this complaint, plus interest and costs of suit;

D. disallowing any claims of Defendant unless and until Defendant pays in full or returns the property for which Defendant is liable under sections 547 and 550 of the Bankruptcy Code; and

E. granting such other and further relief as this Court deems just and proper.

Dated: November 9, 2021

Respectfully submitted,

**WALLER LANSDEN DORTCH & DAVIS, LLP**

*/s/ Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@wallerlaw.com

-and-

Evan J. Atkinson (Texas Bar No. 24091844)
100 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: Evan.Atkinson@wallerlaw.com

*Counsel for the Plaintiff*

**EXHIBIT A**
**TRANSFERS**

4883-8213-6321.1

| Vendor Name | CHECK NUM | PREFERENCE PAYMENT DATE | PAYMENT AMOUNT | INV NUM | INV DATE | NEW VALUE | Total Exposure |
|---|---|---|---|---|---|---|---|
| UTMB CORRECTIONAL MANAGED CARE | D331777 | 8/22/2019 | $91,786.26 | | | | $91,786.26 |
| | D332328 | 10/3/2019 | $43,236.15 | | | | $135,022.41 |
| | | | $52,508.11 | | | | $187,530.52 |
| | | **Gross Exposure:** | **$187,530.52** | | | **Net Exposure:** | **$187,530.52** |

| Vendor Name | CHECK NUM | PREFERENCE PAYMENT DATE | PAYMENT AMOUNT | INV NUM | INV DATE | NEW VALUE | Total Exposure |
|---|---|---|---|---|---|---|---|
| UTMB FACULTY GROUP PRACTICE | D332336 | 10/3/2019 | $7,072.99 | | | | $7,072.99 |
| | | | $9,386.32 | | | | $16,459.31 |
| | | **Gross Exposure:** | **$16,459.31** | | | **Net Exposure:** | **$16,459.31** |